**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIN SOO PARK, | No. 08-16167 |
| Plaintiff - Appellant, | D.C. No. CV-05-00006 |
| v. | |
| CITIBANK, N.A., | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the District Court of Guam
Frances M. Tydingco-Gatewood, Chief Judge, Presiding

Argued and Submitted February 9, 2010
Honolulu, Hawaii

Before: D. NELSON, FARRIS, and BEA, Circuit Judges.

Jin Soo Park ("Park") appeals the district court's order granting summary

judgment in favor of defendants Citibank, N.A. ("Citibank") on the ground that all

of Park's claims were time-barred. Park brought this action against Citibank for

the following state law claims: (1) wrongful dishonor of banking items, in

_____

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

violation of 13 Guam Code Ann. § 4202; (2) common law claims for breach of the covenant of good faith and fair dealing, tortious breach of the covenant of good faith and fair dealing, fraudulent misrepresentation, negligent misrepresentation, and negligent infliction of emotional distress ("NIED").

In response to Citibank's motion for summary judgment on the grounds Park's claims were time-barred, Park asserted the statutes of limitations were tolled under 7 Guam Code Ann. § 11404(2)[1] because he was insane when his causes of action accrued.

The district court determined that, with one exception, Park's claims are subject to statutory limitations periods of two and three years.[2] The date the last of Park causes of action accrued is December 7, 2001, the date of his last dishonored or delayed transfer request. Thus, under even the longest (i.e., three year) statute of limitations, Park's right to bring suit terminated on December 7, 2004, more than a month before he filed his action. Park's claims for breach of the covenant of good faith and fair dealing are subject to a four-year limitation period. Three of

---

[1] "If a person entitled to bring an action . . . be, at the time the cause of action accrued . . . Insane . . . the time of such disability is not a part of the time limited for the commencement of the action." 7 Guam Code Ann. § 11404 (emphasis added).

[2] Park does not challenge the district court's calculation of the relevant limitation periods.

Park's transfer requests occurred less than four years before Park filed his action: the requests on July 20, 2001 and December 6 and 7, 2001. Although not barred by the statute of limitations, these requests are subject to the Fund Transfer Agreement's one-year limitation on bringing claims related to a transfer. Accordingly, Park's time to bring his breach of the covenant of good faith and fair dealing claims as to the three later transfer requests expired on December 7, 2002.[3]

The district court determined that Park's causes of action accrued as follows:[4] A separate cause of action for wrongful dishonor accrued on the dates of Park's sixteen transfer requests and four alleged check requests. Those dates are: October 2, 1998, November 16, 1998, January 20, 1999, February 10, 1999, May 24, 1999, July 14, 1999, September 12, 1999, December 25, 1999, January 15, 2000, February 15, 2000, April 13, 2000, August 14, 2000, September 4, 2000, July 20, 2001, July 30, 2001, August 1, 2001, August 3 and 4, 2001, and December 6 and 7, 2001. The district court found that Park's claims for tortious and contractual breach of the covenant of good faith and fair dealing, fraudulent and

_____

[3] Park also does not challenge the district court's determination his claims for breach of the covenant of good faith and fair dealing as to his transfer requests in July and December of 2001 are barred by the one-year contractual limitation on claims.

[4] Park also does not challenge the district court's determination of when each of Park's causes accrued.

negligent misrepresentation, and NIED accrued no later than July 26, 2001, the date Park was declared bankrupt. Under 7 Guam Code § 11404(2), Park needed to create a triable issue of fact as to whether he was insane on the date his claims accrued to support tolling of the statute of limitations.

There is no expert or other medical evidence regarding Park's claim of insanity. None of Park's lay testimony shows he was suffering "a severe mental impairment that effects *[sic]* his or her ability to comprehend rights or acts that he would otherwise understand." *Custodio vs. Boonprakong*, 1999 Guam 5 (Guam Sup. Ct. Feb. 18, 1999). Accordingly, the district court did not err in granting summary judgment to Citibank due to Park's failure to file his complaint within the limitations periods.

**AFFIRMED.**